B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Nicole Duquette<br>25 14th Avenue<br>Haverhill, MA 01830 | James M. Barry<br>34 Shawsheen Road<br>Bedford, MA 01730 |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Bryan E. Chase<br>Law Office of Bryan Chase<br>25 D Washington Square<br>Haverhill, MA 01830 | Jeffrey E. Wilson<br>Wilson Law Office<br>23 Main Street, 2nd floor<br>Andover, MA 01810 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | ☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Defendant should be denied discharge of debt owed to the Plaintiff due to acts of fraud, misrepresentation, larceny, and embezzlement pursuant to 11 U.S.C. Section 523(a).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[3] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 42,837.04 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>James M. Barry | BANKRUPTCY CASE NO.<br>23-40044 | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE<br>Worcester | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Bryan E. Chase | | |
| DATE<br>February 9, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Bryan E. Chase<br>Law Office of Bryan Chase<br>25 D Washington Square<br>Haverhill, MA 01830 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 7
CASE NO. 23-4044

| | |
|---|---|
| In Re:<br><br>James M. Barry,<br>    Debtor<br><br>Nicole M. Duquette,<br>    Plaintiff<br><br>v.<br><br>James M. Barry,<br>    Defendant | COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523 (a)(4) and 11 U.S.C. § 523 (a)(6) |

NOW COMES Nicole M. Duquette, a creditor in the above captioned matter, and files this Complaint seeking the exception of her claim to the discharge of defendant/debtor, James M. Barry ("Defendant") pursuant to *11 U.S.C. § 523(a)(2), § 523(a)(4), and § 523 (a)(6)*. Ms. Duquette seeks exception to Defendant's discharge as it pertains to the debt which is currently due and owing to Ms. Duquette. In support thereof, Ms. Duquette states the following:

### PARTIES

1. Nicole M. Duquette is an individual residing at 25 14th Avenue, Haverhill, Massachusetts 01830;

2. Defendant is an individual with a residence of 34 Shawsheen Road, Bedford, Massachusetts 01730-1924.

## JURISDICTION

3. This court has jurisdiction over the subject matter of bankruptcy proceedings pursuant to *28 U.S.C. § 1334 and 28 U.S.C. 157(a)*.

4. This is a core proceeding pursuant to *28 U.S.C 157(b)* because the cause of action arises under Title 11 of the United States Code. Ms. Duquette hereby consents to this Court's jurisdiction and authority.

## FACTS COMMON TO ALL COUNTS

5. The plaintiff, Nicole M. Duquette, is an adult individual residing at 25 14th Ave., Haverhill, Essex County, Massachusetts.

6. The defendant, James M. Barry, is an adult individual with a last and usual place of residence at 34 Shawsheen Road, Bedford, Massachusetts.

## FACTUAL ALLEGATIONS

7. On or about May 23, 2016, Ms. Duquette and Mr. Barry purchased the real estate located at 2 Tulip Ave., Haverhill, Massachusetts, (the "Property").

8. In order to purchase the real estate, Ms. Duquette contributed $11,000 toward the down payment of the Property.

9. In order to purchase the real estate, Mr. Barry contributed $7,000 toward the down payment of the Property.

10. At the time of the purchase, the parties had an oral agreement that the Property would be jointly owned by the parties.

11. The parties also agreed that the mortgage would be placed in Mr. Barry's individual name in order to take advantage of a first time home buyer's program with Align Credit Union.

12. After the parties purchased the Property, Ms. Duquette and Mr. Barry cohabited at this location until its sale in June 2019.

13. During the period of the parties' cohabitation, Ms. Duquette paid one-half of the Property's monthly mortgage, taxes, home owner association fees (condo fees), and utility charges, which were in the parties' joint names.

14. From September 2016 until May 2019, Ms. Duquette contributed more than $55,000 in payments for the support and maintenance of the Property.

15. When the parties ended their romantic relationship in January 2019, the parties entered into an oral agreement to sell 2 Tulip Ave., Haverhill, Massachusetts and equally divide the proceeds thereof.

16. Ms. Duquette moved out of the Property in June 2019 in order for it to be sold on June 21, 2019.

17. On information and belief, the net proceeds from the sale of the Property exceeded $82,000.

18. Shortly thereafter, Ms. Duquette learned that Mr. Barry had repudiated their agreement and kept all but $11,000 of the proceeds from the sale of 2 Tulip Ave., Haverhill, Massachusetts for himself.

19. Despite receiving demand for Ms. Duquette's share of the proceeds from the sale of the property, Mr. Barry refused to honor his agreement.

20. As a result, on or about April 10, 2020, Ms. Duquette was forced to file suit against Mr. Barry in the Haverhill District Court alleging breach of contract, common law fraud and deceit, unjust enrichment and conversion.

21. On or about August 29, 2022, the Newburyport District Court conducted a bench trial before the Honorable Peter F. Doyle. At the conclusion of the trial, the Court found Mr. Barry liable as to all counts and entered a judgement in favor of Ms. Duquette in the amount of $42,832.04.

22. The judgement is based on Mr. Barry being found liable on all counts of the Complaint, including breach of contract, common law fraud and deceit, unjust enrichment, and conversion.

23. Despite demand for payment, Mr. Barry has refused to satisfy the judgement.

## COUNT I
### Exception to Discharge
### 11 U.S.C. § 523(a)(2)

24. Nicole M. Duquette hereby incorporates and realleges the allegations contained in Paragraphs 1 through 23 above, as if fully set forth herein.

25. Defendant defrauded Nicole M. Duquette of her share of the proceeds by false pretenses from the sale of the property, false representations or actual fraud within the meaning of *11 U.S.C § 532(a)(2)(A)*.

26. Defendant misrepresented his intent to sell the property and share the proceeds with Ms. Duquette which misrepresentation was false when made and upon which Ms. Duquette reasonably relied.

27. Defendant's representations, upon which Ms. Duquette reasonably relied, that he would share the proceeds from the sale of the property was materially false when made, and Defendant made the representations with the intent to deceive Ms. Duquette in order to benefit Defendant.

28. Defendant's false representations that he would share the proceeds from the sale of the property were false and fraudulent when made, were reasonably relied upon by Ms. Duquette, and have caused her damage and financial loss.

29. Based upon the foregoing, James M. Barry's claim should be excepted from discharge under *11 U.S.C. § 523(a)(2)*.

## COUNT II
### Exception to Discharge
### 11 U.S.C. § 523(a)(4)

30. Nicole M. Duquette hereby incorporates and realleges the allegations contained in Paragraphs 1 through 29 above, as if fully set forth herein.

31. Defendant's financial benefit has been obtained through acts of embezzlement and larceny which expressly exempts claims subject to such from discharge under *11 U.S.C. §523(a)(4)*.

32. Defendant's intent to deceive was intentional and in violation of *§ 523(a)(4)* for fraud, embezzlement and/or larceny.

33. Based upon the foregoing, James M. Barry's claim should be excepted from discharge under *11 U.S.C. § 523(a)(4)*.

Respectfully submitted,
**NICOLE M. DUQUETTE**
By her attorney,

s/s Bryan E. Chase
Bryan E. Chase BBO # 633976
Law Office of Bryan Chase
25 D Washington Square
Haverhill, MA 01830
Tel. No. (978) 373-7100
bec@bryanchaselaw.com

Dated: February 9, 2023